Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| ERICKA NEGRÓN ROLÓN, HÉCTOR MARTÍNEZ HUECA, WANDA NIEVES ROSADO, ORLANDO ROLÓN RIVERA<br>Recurridos<br><br>v.<br><br>UNIVERSAL INSURANCE CO., GABRIEL CHÉVERE REYES POR SÍ y EN REP DE SLG CON JUANA DOE, GABRIEL CHÉVERE SALGADO POR SÍ Y EN REP DE SLG COMP CON PETRA, JUANA DOE, CARMEN REYES MONTAÑEZ, ASEGURADORA A, ASEGURADORA B, ASEGURDORA C, JUAN DOE, SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR GABRIEL CHÉVERE SALGADO y CARMEN REYES MONTAÑEZ, PABLO DOE, MARÍA DOE<br>Demandados<br><br>CARMEN REYES MONTAÑEZ y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR GABRIEL SALGADO y CARMEN REYES MONTAÑEZ<br>Peticionarios | KLCE202401232 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2022SV03381<br><br>Sobre: Accidente de Tránsito |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparecen la Sra. Carmen Reyes Montañez (señora Reyes Montañez), el señor Gabriel Chévere Salgado, (señor Chévere Salgado), y la Sociedad Legal de Gananciales compuesta por estos, (en conjunto, parte peticionaria), mediante recurso de *certiorari*. Estos solicitan que revoquemos la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 17 de octubre de 2024, en la que fue declarada *No Ha Lugar* la *Solicitud de desestimación por prescripción* presentada por ellos.

Evaluados los fundamentos esgrimidos por la parte peticionaria para solicitar la revocación de la *Resolución* recurrida, hemos decidido denegar la expedición del recurso solicitado.

## I. Resumen del tracto procesal pertinente

El 1 de julio de 2022, la Sra. Ericka Negrón Rolón (señora Negrón Rolón), el Sr. Héctor Martínez Hueca (señor Martínez Hueca), la Sra. Wanda Nieves Rosado y el Sr. Orlando Rolón Rivera (en conjunto, parte recurrida), presentaron una *Demanda* en daños y perjuicios contra Universal Insurance Co., (Universal o la aseguradora), el señor Chévere Reyes, Juana Doe, ambos por sí y en representación de la Sociedad Legal de Gananciales que juntos componen, Gabriel Chévere Salgado y Petra Doe, ambos por sí y en representación de la Sociedad Legal de Gananciales que juntos componen, Aseguradora A, Aseguradora B, Aseguradora C, Juan Doe, Pedro Doe, Pablo Doe y María Doe. Los demandantes alegaron, en síntesis, que mientras se encontraban montando en sus caballos por la carretera el 30 de julio de 2021, a eso de la 1:00 a.m., fueron arrollados por un vehículo conducido por el señor Gabriel Chévere Reyes, codemandado, siendo expulsados de sus caballos, cayendo aparatosamente al suelo, y sufriendo extensos daños, los cuales fueron descritos en sus alegaciones, además de la pérdida de los caballos.

En lo relativo a las partes en demandas, se alegó en la *Demanda* que el dueño registral del vehículo causante del incidente era el padre del codemandado Gabriel Chévere Reyes, el señor Gabriel Chévere Salgado, quien había autorizado a su hijo el uso de dicho automóvil. Además, se incluyó como parte demandada a: Universal, en calidad de compañía aseguradora de uno de los codemandados; a la esposa del conductor del vehículo, que fue identificada como Juana Doe, por desconocerse su nombre; **a la esposa del dueño registral del automóvil, identificada como Petra Doe, por desconocerse su nombre**; junto a las respectivas

sociedades de bienes gananciales compuestas por estos, y otras posibles compañías aseguradoras.

Pasado un tiempo, el 7 de febrero de 2024, la parte recurrida presentó una *Primera demanda enmendada* en la que, en lo pertinente: 1) eliminó a Juana Doe como parte demandada, toda vez que el señor Chévere Reyes, conductor del vehículo, era soltero y; 2) sustituyó el nombre de Petra Doe por el de la señora Carmen Reyes Montañez, como parte codemandada, al ser esta última la esposa del señor Gabriel Chévere Salgado, dueño registral del vehículo, junto a la Sociedad de Bienes gananciales compuesta por estos.

A raíz de ello, el 3 de abril de 2024, la señora Carmen Reyes Montañez y la Sociedad de Bienes Gananciales compuesta por esta y el señor Gabriel Chévere Salgado, presentaron una *Solicitud de desestimación parcial por prescripción.* Como fundamento para solicitar la desestimación se arguyó que, a la fecha en que fue sustituido el nombre de Petra Doe por el de la señora Carmen Reyes Montañez mediante la *Demanda Enmendada*, ya la causa de acción se encontraba prescrita, pues la parte la parte recurrida conocía la identidad de dicha codemandada desde el 3 de agosto de 2023. Esto es, la señora Reyes Montañez esgrimió que la parte recurrida tardó seis (6) meses y cuatro (4) días para solicitar la enmienda a la *Demanda,* desde que conoció su identidad. Razonó que fue debido a la falta de diligencia de la parte recurrida, que se trajo como parte codemandada a la señora Reyes Montañez de manera tardía, por lo que la enmienda introducida a tales efectos en la *Demandada Enmendada* no tenía el efecto de retrotraerse a la fecha de presentación de la *Demanda*, y de aquí que estuviera prescrita.

En respuesta, el 25 de abril de 2024, la parte recurrida presentó una *Oposición a moción de desestimación presentada por la codemandada Carmen Reyes Montañez y la Sociedad Legal de Gananciales compuesta por Gabriel Chévere Salgado y Carmen Reyes Montañez.* Esgrimió que le había cursado un primer pliego de interrogatorios y solicitud de producción de

documentos al señor Chévere Reyes el 27 de marzo de 2023, el cual fue contestado el 3 de agosto de 2023, y fue a través de las respuestas allí provistas que advino en conocimiento por primera vez de que el padre del conductor y dueño del vehículo, (Gabriel Chévere Salgado), estaba casado con la señora Reyes Montañez. Añadió que, luego de innumerables gestiones extrajudiciales, el 23 de enero de 2024 pudo deponer al señor Chévere Reyes, y de esta dedujo que los padres del conductor Chévere Reyes, señor Chévere Salgado y señora Reyes Montañez, tenían constituida una sociedad de bienes gananciales. Que, al haber conocido de la identidad de la señora Carmen Reyes Montañez, y la sociedad de bienes gananciales que constituye con el señor Chévere Salgado en las fechas indicadas, se ha de concluir que al presentarse la *Demanda enmendada* el 5 de febrero de 2024, y conforme a la teoría cognoscitiva del daño, esta no se encontraba prescrita.

Es así como, luego de evaluar los escritos presentados por las partes, el foro primario emitió la *Resolución* cuya revocación nos solicita la parte peticionaria, declarando No Ha Lugar su solicitud de desestimación por prescripción. Al tomar su determinación el tribunal *a quo* concluyó que la *Demanda enmendada* había sido presentada dentro del año desde que la parte recurrida conoció la relación de la señora Reyes Montañez con el daño reclamado y tuvo los elementos necesarios para ejercitar efectivamente su causa de acción en contra de esta.

Inconforme, la parte peticionaria acude ante nosotros mediante recurso de *certiorari*, imputándole el siguiente error al foro recurrido:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA DEMANDA CONTRA LA SRA. CARMEN REYES Y LA SOCIEDAD LEGAL DE GANANCIALES NO ESTABA PRESCRITA. LA PARTE DEMANDANTE NO FUE DILIGENTE AL SOLICITAR LA ENMIENDA A LA DEMANDA POR LO CUAL LA MISMA, CONFORME A LA REGLA 15.4 NO SE RETROTRAE A LA PRESENTACIÓN DE LA DEMANDA. TAMPOCO FUE DILIGENTE AL LLEVAR A CABO ACCIONES ENCAMINADAS A CONOCER EL VERDADERO NOMBRE DE LA SRA. REYES MONTAÑEZ.

Por su parte, el 27 de diciembre de 2024, la parte recurrida también compareció ante nosotros, mediante *Oposición a certiorari presentado por los codemandados recurrentes del caso KLCE202401232.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II. Exposición de Derecho

a.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece, que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de, en lo pertinente: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) **la denegatoria de una moción de carácter dispositivo**. (Énfasis provisto).

Entonces, si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra,* nos corresponde evaluar si a la luz de los criterios enumerados en la Regla 40 de

nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Los referidos criterios son los siguientes:

> Regla 40 — Criterios para la expedición del auto de "*certiorari*"
> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa: (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (B) Si la situación de hechos planteada es la más indicada para el análisis del problema. (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra. A fin de cuentas, la característica distintiva del recurso de *certiorari se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194 (2023). A lo que se añade que nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).

b.

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 10.2, es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 D.P.R. 409, 428 (2008). La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las siguientes defensas: (1) falta de

jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 L.P.R.A. Ap. V, R. 10.2. (Énfasis suplido).

Al momento de evaluar una moción de desestimación, los jueces "vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante". *López García v. López García*, 2018 T.S.P.R. 57, 25 (2018) citando a *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 D.P.R. 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 D.P.R. 1033; *El Día, Inc. v. Mun. de Guaynabo*, 187 D.P.R. 811 (2013). Para que pueda prosperar una moción de desestimación, "tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Rivera Sanfeliz v. Jta. Dir. FirstBank*, supra en la pág. 49.

## III. Aplicación del Derecho a los hechos

Según lo identificamos en la exposición de derecho, una de las causas que justificaría nuestra intervención con un dictamen interlocutorio proveniente del TPI, refiere a la denegatoria de una moción de carácter dispositivo. Regla 52.1 de Procedimiento Civil, *supra.* Precisamente, la parte peticionaria solicita en el caso ante nuestra consideración la revocación de la denegatoria a la moción de desestimación que presentó bajo la Regla 10.2 de Procedimiento Civil, *supra.* Siendo dicha moción una de las denominadas *dispositiva*, por virtud de la Regla 52.1 citada estaríamos en posición de intervenir con el dictamen interlocutorio cuya revocación se nos solicita, si así decidiéramos ejercitar nuestra discreción.

No obstante, también adelantamos que, a pesar de que la Regla 52.1 citada nos autoriza a expedir el recurso de *certiorari* cuando se deniegue

una moción dispositiva, tal determinación por este foro intermedio sigue siendo esencialmente discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.,* supra. A partir de lo cual, en los párrafos siguientes verificaremos los argumentos alzados por la parte peticionaria, para determinar si mueven nuestra discreción en la dirección solicitada.

Tal cual lo adujo en la moción de desestimación presentada ante el TPI, la parte peticionaria reitera ante nosotros que la causa de acción dirigida en contra de la señora Reyes Montañez y la Sociedad de Bienes Gananciales que esta compone junto a su esposo, el codemandado Chévere Salgado, debe ser desestimada, por estar prescrita. En específico, sostiene que, para efectos del cómputo del término prescriptivo que rige la causa de acción por daños y perjuicios[1], no cabe reconocerle efecto retroactivo a la *Demanda enmendada* instada por la parte recurrida el 3 de abril de 2024, por unos hechos del 30 de julio de 2021. Su contención principal es que los demandantes-recurridos se mostraron pocos diligentes en dos aspectos: 1) al enviar un primer pliego de interrogatorios el 27 de marzo de 2023, momento en el que solicitó la información sobre la señora Reyes Montañez, a nueve (9) meses de presentada la *Demanda*; 2) que una vez la parte recurrida se enteró de la identidad de la señora Reyes Montañez, el 3 de agosto de 2023, (a través de la contestación al pliego de interrogatorio), esperó seis (6) meses para presentar la enmienda a *Demanda*, el 7 de febrero de 2024, con el propósito de incluirla como codemandada. No nos persuade.

Contrario a lo que reitera la parte peticionaria en su recurso de *certiorari,* no advertimos la presunta falta de diligencia por parte de la recurrida al momento en que envió el primer pliego de interrogatorio, ni la solicitud de enmienda a *Demanda*. En cualquier caso, resulta medular para ejercer nuestra labor revisora admitir que la determinación sobre el comportamiento diligente o negligente de la parte recurrida ubica dentro de

---

[1] En lo pertinente, el Artículo 1204(a) del Código Civil de Puerto Rico de 2020, dispone que prescribe por el transcurso de un (1) año, *la reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quién lo causó*. 31 LPRA sec. 9496.

las facultades discrecionales del foro primario, con las cuales no se nos permite intervenir, salvo: medie prejuicio o parcialidad; se hubiese incurrido en un craso abuso de discreción; se equivocara en la interpretación o aplicación de alguna norma procesal. *Rivera Gómez v. Arcos Dorados de Puerto Rico, Inc.*, supra, p. 210. Pero, insistimos, no apreciamos que en la *Resolución* recurrida acontezcan ninguna de las referidas circunstancias, por lo que no estamos en posición de intervenir con el curso de acción elegido por dicho foro. En este sentido, no nos resulta en modo alguno aparente la presunta dilación de la parte recurrida al conducirse durante el descubrimiento de prueba, ni cuando eligió solicitar la enmienda a *Demanda*.

Por tanto, a partir del solo análisis de las alegaciones contenidas en los documentos ante nosotros, según corresponde a la revisión de una moción instada al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, estamos carentes de razones que justifiquen revertir la apreciación del foro recurrido.

De lo explicado se sigue que juzgamos, tal cual lo hizo el tribunal *a quo*, que la *Demanda enmendada* fue presentada de manera oportuna, obrando el efecto retroactivo que interrumpe el término prescriptivo de la causa de acción dirigida contra la parte peticionaria.

## IV. Parte dispositiva

Habiendo decidido que la *Resolución* recurrida no amerita nuestra intervención, procede *Denegar* la expedición del auto de *certiorari* solicitado. En consonancia, ordenamos devolver el asunto al Tribunal de Primera Instancias para la continuación de los procesos allí, sin más dilación.

Lo acordó el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones